OPINION
{¶ 1} Defendant-appellant, John Cameron, Jr., appeals from a Belmont County Common Pleas Court judgment sentencing him to consecutive prison terms after he pled guilty to two counts of gross sexual imposition.
 {¶ 2} A Belmont County Grand Jury indicted appellant on May 5, 2004, for one count of rape, a first degree felony in violation of R.C. 2907.02(A)(1)(b), and one count of gross sexual imposition upon a victim less than 13 years of age, a third degree felony in violation of R.C. 2907.05(A)(4). Specifically, appellant was accused of engaging in sexual conduct with the 11-year-old daughter of his ex-girlfriend. Appellant pled not guilty to these charges. Plaintiff-appellee, the State of Ohio, subsequently amended count one from rape to a second count of gross sexual imposition upon a victim less than 13 years of age. Appellant then pled guilty to both counts.
 {¶ 3} The trial court held a sentencing hearing and subsequently sentenced appellant to two four-year prison terms to be served consecutively. Appellant filed a timely notice of appeal on February 18, 2005.
 {¶ 4} Appellant raises one assignment of error, which states:
 {¶ 5} "THE SENTENCING COURT ERRED AS A MATTER OF LAW IN FAILING TO INCLUDE REASONS SUPPORTING THE PRESENCE OF THE REQUISITE STATUTORY FINDINGS BEFORE IMPOSING CONSECUTIVE SENTENCES UPON DEFENDANT-APPELLANT."
 {¶ 6} Appellant alleges the trial court erred in failing to make the necessary findings on the record to support consecutive sentences. Citing, State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. He claims that the court merely recited the statutory factors without identifying any specific reasons to support its conclusion that each factor justified consecutive sentences. Appellant further contends that even if reasons supporting consecutive sentences can be found elsewhere in the record, they do not cure the deficiencies in the court's ruling.
 {¶ 7} In order to impose consecutive sentences the court must make certain findings and give reasons supporting those findings at the sentencing hearing. Comer, 99 Ohio St.3d at paragraph one of the syllabus. A court may impose consecutive sentences upon an offender if the court finds three statutory factors: (1) that consecutive sentences are necessary to punish the offender or protect the public from future crime; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the enumerated circumstances found in R.C. 2929.14(E)(4)(a) through (c) exists.[1] Id. at ¶ 13,793 N.E.2d 473; R.C. 2929.14(E)(4). Additionally, the sentencing court must comply with R.C. 2929.19(B). Comer, 99 Ohio St.3d at ¶ 14. According to R.C. 2929.19(B)(2)(c), the court must "make a finding that gives its reasons for selecting the sentence imposed" if it imposes consecutive sentences.
 {¶ 8} In this case, the trial court made the required findings on the record. Specifically, it found:
 {¶ 9} "In accord with 2929.14(E) the Court finds that consecutive service is necessary to protect the public from future crime and to punish the offender. And consecutive sentences are not disproportionate for the seriousness of the offender's conduct and the danger he poses to the public. And that the offender committed multiple offenses on separate occasions. And that the manner in which the offenses were committed, taking advantage of his close personal relationship with the child's mother, thus creating a moral duty to protect the child, demonstrate an escalating pattern of reckless behavior.
 {¶ 10} "And that no remorse has been demonstrated and that, in fact, defendant has denied his guilt after pleading guilty without concern for the emotional and psychological harm caused to the child. And that the potential harm to this child, other children and society is so unusual that a single term does not adequately reflect the seriousness of the conduct and this offender's criminal conduct during the time period wherein these offenses were committed. Therefore, consecutive sentences are necessary to protect the public from future crime by this offender." (Tr. 30-31).
 {¶ 11} In addition, the court gave other reasons to support its findings. It found that appellant has failed to favorably respond to previous court sanctions, since he committed these offenses at about the same time or after his sanctions for a DUI conviction; has demonstrated no genuine remorse for his crimes; has shifted blame to his child-victim and her mother; and will not acknowledge his guilt. (Tr. 26). And the court found that appellant committed the worst form of the offense and poses the greatest likelihood of re-offending. (Tr. 26). It noted that appellant was between the ages of 25 and 29 during the commission of the offenses while his victim was 11 years old or younger. (Tr. 26-27). Additionally, appellant was the boyfriend of the victim's mother when he committed the offenses. (Tr. 27). He frequented the family home, and therefore, was in a position to protect the victim. (Tr. 27).
 {¶ 12} Thus, the trial court complied with Comer's
requirements and those set out in the applicable sentencing statutes. It made all of the requisite findings and supported them with reasons on the record. Accordingly, appellant's sole assignment of error is without merit.
 {¶ 13} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.
[1] The enumerated circumstances are:
"(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."