OPINION
{¶ 1} Defendant-appellant, Dino D. Young, appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief without a hearing. Because appellant's petition, supporting affidavits, documentary evidence, files and records fail to set forth sufficient operative facts to establish substantive grounds for relief, we affirm that judgment.
 {¶ 2} On June 13, 2003, appellant was indicted for one count of murder, with a firearm specification, in violation of R.C.2903.02 and one count of having a weapon while under disability, in violation of R.C. 2923.13. The charges arose from the shooting death of John Hopkins. Appellant entered a not guilty plea to the charges and proceeded to a jury trial on the murder count. He elected to have his weapon under disability count tried to the court. The jury found appellant guilty of murder with a firearm specification and the court found appellant guilty of the weapon under disability count. The trial court sentenced appellant accordingly. On appeal, this court affirmed appellant's convictions. State v. Young, Franklin App. No. 04AP-797, 2005-Ohio-5489.
 {¶ 3} While his appeal was pending before this court, appellant filed in the trial court a petition for post-conviction relief pursuant to R.C. 2953.21. Plaintiff-appellee, the State of Ohio, filed an answer to appellant's petition as well as a motion to dismiss. Appellant then filed a motion to amend his petition to add another claim for relief to his original petition. The trial court subsequently denied appellant's petition without a hearing.[1] The trial court did not expressly address appellant's motion to amend his petition.
 {¶ 4} Appellant appeals, assigning the following errors:
1. The Trial Court error [sic] in ruling that the defendant failed to establish any evidence which would amount to a Constitutional Violation under Brady or Criminal Rule 16.
2. The Trial Court erred in finding that the Defendant did not meet the Constitutional Requirements necessary to establish an Ineffective of Counsel Claim.
3. The Trial Court erred in dismissing the Appellant's claim on the basis of res judicata in violation of appellant[']s rights under the 5th, 6th, 8th, and 14th amendments to the United States Constitution.
4. The Trial Court erred in dismissing appellant[']s petition where it presented specific operative facts to merit a hearing.
5. The Trial Court erred by not considering petitioner[']s amendment then failing to rule on Defendant[']s Motion for Leave to Amend.
 {¶ 5} Appellant's first four assignments of error address the trial court's denial of his petition for post-conviction relief. A post-conviction proceeding is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233, discretionary appeal not allowed (2001), 92 Ohio St.3d 1441. Post-conviction review is not a constitutional right but, rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute.State v. Calhoun (1999), 86 Ohio St.3d 279, 281. A post-conviction relief petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v.Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32;Murphy, supra. Nor does it entitle a petitioner to discovery to help establish grounds for relief. State v. Gulertekin (June 8, 2000), Franklin App. No. 99AP-900.
 {¶ 6} When a person files an R.C. 2953.21 petition, the trial court must grant a hearing unless it determines that the files and records of the case demonstrate the petitioner is not entitled to relief. R.C. 2953.21(E); State v. Jackson (1980),64 Ohio St.2d 107, 109-110 (petitioner for post-conviction relief not automatically entitled to a hearing). In making that determination, the trial court must consider the petition, supporting affidavits, files and records, including, but not limited to, the indictment, journal entries, clerk's records and transcripts of proceedings. R.C. 2953.21(C); State v. Combs
(1994), 100 Ohio App.3d 90, 97. To warrant an evidentiary hearing on a petition for post-conviction relief, a petitioner must first provide evidence that demonstrates substantive grounds for relief. Hessler, at ¶ 33. That evidence must demonstrate that the denial or infringement of the petitioner's rights renders the petitioner's conviction and sentence void or voidable under the Ohio and/or United States Constitutions. Id., citing State v.Perry (1967), 10 Ohio St.2d 175, at paragraph four of the syllabus. If the petitioner does not submit evidentiary materials which facially demonstrate a constitutional violation, the court may deny the petition without a hearing. Jackson, supra, at 110; Hessler, supra, at ¶ 33. In reviewing whether the trial court errs in denying a petitioner's motion for post-conviction relief without a hearing, the appellate court applies an abuse of discretion standard. State v. Campbell, Franklin App. No. 03AP-147, 2003-Ohio-6305, at ¶ 14, citing Calhoun, supra, at 284 (stating the post-conviction relief "statute clearly calls for discretion in determining whether to grant a hearing").
 {¶ 7} There are a number of reasons why a trial court may deny a petition for post-conviction relief without a hearing. The court may deny a petition without a hearing when it finds that the petition does not raise a constitutional issue. Perry,
supra, at paragraph four of the syllabus; Combs, supra, at 97. The trial court may also deny a petition for post-conviction relief without a hearing if it finds that the petition advances a constitutional claim, but that claim "was raised or could have been raised" during the original trial or in a subsequent appeal.Perry, supra, at paragraph nine of the syllabus. Those claims are barred by res judicata. Id. Normally, a constitutional claim such as ineffective assistance of counsel is based on evidence in the original trial record and is, therefore, barred on post-conviction. State v. Johnson (1986), 24 Ohio St.3d 87, 88;Perry, supra, at paragraph seven of the syllabus. Moreover, claims that could have been raised and fairly determined based on evidence in the record are also barred by res judicata even though the petitioner may have presented some additional evidence outside the record. State v. Cole (1982), 2 Ohio St.3d 112, syllabus; Combs, supra, at 97.
 {¶ 8} Another type of evidence outside the record that is insufficient to support a post-conviction petition is evidence that fails to meet a minimum level of cogency. Id. at 98, citingCole, supra, at 115. Likewise, evidence outside the record in the form of petitioner's own self-serving affidavit alleging constitutional deprivation will not compel a hearing. State v.Kapper (1983), 5 Ohio St.3d 36, 37-38.
 {¶ 9} Even when the evidence passes the minimum threshold of showing a constitutional claim that was not and could not have been raised in the original trial or on appeal, a trial court may still deny the petition without a hearing if the petitioner fails to demonstrate through the petition, supporting affidavits and files and records, substantive grounds for relief. For example, if the evidence submitted is cumulative of, or alternative to, evidence presented at trial, the court may properly deny a hearing. Combs, supra, at 98, citing State v. Powell (1993),90 Ohio App.3d 260, 270 (cumulative evidence); State v. Post
(1987), 32 Ohio St.3d 380, 387-389 (existence of alternative theories will not show ineffective assistance of trial counsel).
 {¶ 10} In the case at bar, appellant presented four claims in support of his petition for post-conviction relief.[2] The trial court denied appellant's petition without a hearing. Accordingly, we must determine whether the trial court erred in concluding that appellant failed to demonstrate substantive grounds for relief.
 {¶ 11} Appellant's first claim for relief alleged that the State failed to disclose material evidence in violation of Bradyv. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194. Specifically, appellant claims the State withheld an audiotape of a witness's interview with detectives from the Columbus Police Department. In support of this claim, appellant attached to his petition the detective's summary of Jumada Williams' interview. The State presented Williams as a witness at appellant's trial and provided the summary to appellant's counsel. The summary indicated that an audiotape of the interview was retained by the Columbus police.
 {¶ 12} The suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. Id. at 87. In order to establish a Brady violation, a defendant must establish three elements: (1) that the prosecution withheld evidence, (2) that the defense was not aware of the evidence, and (3) that the evidence withheld was material. State v. Johnston
(1988), 39 Ohio St.3d 48, paragraph four of the syllabus; UnitedStates v. Agurs (1976), 427 U.S. 97, 103, 96 S.Ct. 2392.
 {¶ 13} Appellant did not present evidence demonstrating substantive grounds for relief under Brady. Although the summary is evidence outside the record, appellant did not present evidence that the State actually withheld the audiotape. Cf.State v. Sullivan (Dec. 23, 1999), Cuyahoga App. No. 74735 (finding no substantive grounds for relief under Brady where defendant failed to present evidence that state actually failed to provide reports). Absent from appellant's petition is an affidavit from appellant's trial counsel indicating that he never received the tape. The only allegation that the State withheld the tape was in appellant's brief, not an affidavit. This bare allegation is insufficient to demonstrate substantive grounds for relief. See State v. Monroe, Franklin App. No. 04AP-658,2005-Ohio-5242, at ¶ 17.
 {¶ 14} Second, appellant has not demonstrated that the audiotape was material. The withholding of exculpatory or impeachment evidence constitutes a Brady violation only if it is "material." United States v. Bagley (1985), 473 U.S. 667,105 S.Ct. 3375. The United States Supreme Court has noted that the "`touchstone of materiality is a "reasonable probability" of a different result, and the adjective is important. The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. A "reasonable probability" of a different result is accordingly shown when the government's evidentiary suppression "undermines the confidence in the outcome of the trial."'" Kyles v. Whitley (1995),514 U.S. 419, 434, 115 S.Ct. 1555, 1566, quoting Bagley, at 678.
 {¶ 15} Appellant did not submit the audiotape or a transcript of the audiotape in support of his petition. Without evidence indicating the contents of the tape, appellant cannot show that the tape was material and, therefore, cannot provide evidence sufficient to show the State violated the dictates of Brady.
See State v. Tisdale, Montgomery App. No. 19346, 2003-Ohio-4209, at ¶ 35-36 (no Brady violation for State's failure to disclose audiotape where defendant did not provide contents of audiotape). Because appellant failed to demonstrate substantive grounds for relief under Brady, the trial court did not err by denying this claim for relief without a hearing. Therefore, appellant's first assignment of error is overruled.
 {¶ 16} Appellant's second, third and fourth claims for relief allege ineffective assistance of counsel. In a petition for post-conviction relief which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidence demonstrating that counsel's performance was deficient and that appellant was prejudiced by counsel's deficiencies.Jackson, supra, syllabus. If the petitioner fails to meet this burden, the trial court may dismiss the petition without a hearing. State v. Mengistu, Franklin App. No. 03AP-1202,2004-Ohio-3596, at ¶ 9. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to require an evidentiary hearing. Jackson, supra, at 111.
 {¶ 17} Preliminarily, we note that in order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052; accord State v. Bradley (1989),42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690.
 {¶ 18} If appellant successfully proves that counsel's assistance was deficient, the second prong of the Strickland test requires appellant to prove prejudice in order to prevail. Id. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, "a trial whose result is reliable." Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 19} In analyzing the first prong of Strickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id., citing Michel v. Louisiana (1955),350 U.S. 91, 101, 76 S.Ct. 158.
 {¶ 20} A petition for post-conviction relief which alleges that the petitioner received ineffective assistance of counsel at trial is subject to dismissal on res judicata grounds where the petitioner had new counsel on direct appeal[3] and where the ineffective assistance of counsel claim could otherwise have been raised and fairly determined on direct appeal without resort to evidence outside the record. State v. Lentz (1994),70 Ohio St.3d 527, 529-530, citing Cole, supra, syllabus. Thus, the presentation of competent, relevant, and material evidence outside the record may defeat the application of res judicata.State v. Lawson (1995), 103 Ohio App.3d 307, 315, citing Statev. Smith (1985), 17 Ohio St.3d 98. However, to overcome the res judicata bar, the evidence offered outside the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original trial record. Combs, supra.
 {¶ 21} With these standards in mind, we address appellant's claims of ineffective assistance of counsel. Appellant contends in his second claim for relief that his trial counsel failed to properly ensure that his witnesses would be available for trial and proceeded to trial without those witnesses. He supports this claim with evidence outside the record, i.e., a post-marked envelope and two letters appellant's trial counsel wrote to appellant. Assuming that trial counsel was deficient in some way concerning these witnesses, appellant has not presented sufficient evidence demonstrating that counsel's failure to call these witnesses was prejudicial. Appellant claims that the testimony of these witnesses would have changed the outcome of the trial. However, appellant does not submit affidavits from these witnesses stating what their testimony would have been. Without such affidavits, it is pure speculation to conclude that the result of appellant's trial would have been different had these witnesses testified. State v. Thorne, Stark App. No. 2003CA00388, 2004-Ohio-7055, at ¶ 70 (failure to show prejudice without affidavit describing testimony of witnesses not called);State v. Stalnaker, Summit App. No. 21731, 2004-Ohio-1236, at ¶9. Therefore, the trial court did not err by denying this claim for relief without a hearing.
 {¶ 22} Appellant argues in his third claim for relief that counsel was ineffective for basing appellant's defense on inherently inadmissible evidence. Specifically, appellant argues that his counsel was ineffective because he attempted to introduce testimony from a former instructor at the Ohio Peace Officers Training Academy concerning appellant's claim of self-defense. The trial court excluded such testimony, finding the testimony to be irrelevant to appellant's claim of self-defense. This court affirmed that decision on direct appeal.Young, supra, at ¶ 21.
 {¶ 23} This claim of ineffective assistance of counsel is barred by res judicata. The basis for this alleged ineffectiveness of counsel is contained in the record and could have been raised and fairly determined in appellant's direct appeal. Additionally, appellant does not support this claim with any evidence outside the record. Therefore, the trial court did not err by denying this claim for relief without a hearing.
 {¶ 24} Appellant contends in his fourth claim for relief that his counsel was ineffective because he failed to investigate the audiotape of Williams' interview. In support of this claim, appellant attached the summary of Williams' interview. However, nothing in the summary of Williams' interview indicated that counsel failed to investigate the audiotape. Again, absent from appellant's petition is an affidavit from appellant's trial counsel that he did not investigate the audiotape of Williams' interview. Absent any evidence of counsel's deficient conduct, the trial court may deny a claim for relief without a hearing.Monroe, supra.
 {¶ 25} Appellant also fails to demonstrate prejudice resulting from counsel's alleged failure to investigate the audiotape. As previously noted, appellant did not provide this court with the audiotape or a transcript of the audiotape. Without such evidence, we are unable to determine the significance of the audiotape or whether counsel's alleged failure to investigate the audiotape prejudiced appellant. Accordingly, appellant failed to present sufficient evidence demonstrating substantive grounds for relief. Therefore, the trial court did not err by denying this claim for relief without a hearing.
 {¶ 26} The trial court did not err by denying appellant's second, third and fourth claims for relief without a hearing. Accordingly, appellant's second, third and fourth assignments of error are overruled.
 {¶ 27} Finally, appellant claims in his fifth assignment of error that the trial court erred by not addressing his motion to amend his petition to add another claim for relief. We disagree. After the State responded to appellant's petition, appellant requested leave of court to amend his petition pursuant to R.C.2953.21(F). The trial court denied appellant's petition without expressly ruling on appellant's motion to amend. Generally, however, when a trial court enters judgment without expressly determining a pending motion, the motion is considered impliedly overruled. Maust v. Palmer (1994), 94 Ohio App.3d 764, 769; see, also, State v. Bies, Hamilton App. No. C-020306, 2003-Ohio-442, at fn.1 (trial court's dismissal of petition for post-conviction relief implicitly denied outstanding motions).
 {¶ 28} Therefore, we must determine whether the trial court properly denied appellant's motion to amend his petition. The decision whether to allow amendment of a petition for post-conviction relief is within the discretion of the trial court. State v. Byrd (2001), 145 Ohio App.3d 318, 333; R.C.2953.21(F) (noting that a petitioner may amend petition after state's response only with leave of court). Absent an abuse of discretion, this court will not reverse a trial court's decision in this matter. Byrd, supra. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 29} Appellant requested leave of court to assert a claim of prosecutorial misconduct. Appellant claimed the State elicited false testimony from Williams because his trial testimony was inconsistent with portions of the summary of his interview. In order to meet the test for prosecutorial misconduct under these circumstances, appellant must show that: (1) the statement was false, (2) the statement was material, and (3) the prosecutor knew it was false. Columbus v. Joyce (Nov. 29, 2001), Franklin App. No. 00AP-1486. Even if a prosecutor engaged in such misconduct, an appellate court should not reverse a conviction if the error was harmless. Id.
 {¶ 30} We first note that the summary was a document drafted by a detective who interviewed Williams. It was not a word for word transcript of Williams' interview nor was it a statement prepared by Williams. Moreover, the inconsistencies highlighted by appellant are minor. We cannot say that the minor inconsistencies in Williams' testimony lead to the conclusion that the State knowingly elicited false testimony. See State v.Gaston (Dec. 17, 2001), Belmont App. No. 98-BA-52; State v.Adelman (Dec. 9, 1998), Summit App. No. 18824 (no indication that inconsistencies between witness statement and testimony were the result of intentional perjury). Appellant also fails to demonstrate prejudice that occurred due to the witness's alleged inconsistent statements. The trial court did not abuse its discretion by denying appellant's motion for leave to amend his petition to add this claim for relief. Appellant's fifth assignment of error is overruled.
 {¶ 31} Having overruled appellant's five assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and French, JJ., concur.
[1] The trial court also denied appellant's motion for the appointment of counsel. Appellant does not assign that decision as error.
[2] Appellant's attempt to amend his petition to add another claim will be addressed in our discussion of his fifth assignment of error.
[3] Appellant's trial counsel was Frederick Benton. Brian Rigg represented him in his direct appeal to this court.