OPINION
{¶ 1} Appellant, Luis D. Ramos, Jr. ("Ramos"), was indicted on July 11, 2006 on one count of burglary, in violation of R.C. 2911.12(A)(1), a felony of the second degree, an additional count of burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree, and one count of theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. *Page 2 
 {¶ 2} Ramos appeared in the Geauga County Court of Common Pleas on September 29, 2006 for the purpose of entering into a written plea agreement pursuant to Crim. R. 11. Ramos pled guilty to lesser-included offenses of counts one and two, burglary, in violation of R.C. 2911.12(A)(3), felonies of the third degree, and guilty to count three, as charged.
 {¶ 3} On November 13, 2006, Ramos was sentenced to a three-year term of imprisonment on count one, a three-year term on count two, to be served consecutively with each other, and a one-year term on count three, to be served concurrently with counts one and two. Thus, Ramos' aggregate prison term was six years.
 {¶ 4} Obtaining new counsel, Ramos, on April 16, 2007, filed a notice of appeal to this court asserting: (1) the trial court did not comply with Crim. R. 11(C)(2)(a); (2) the trial court erred when it accepted his guilty plea; (3) the trial court erred when it failed to hold a hearing on the issue of his dissatisfaction with court-appointed counsel; (4) the trial court abused its discretion in imposing consecutive sentences; and (5) the trial court, when imposing its sentence, failed to consider factors set forth in R.C. 2929.14(E)(4), R.C. 2929.11, and R.C. 2929.12.State v. Ramos, 11th Dist. No. 2007-G-2773, 2007-Ohio-6934, at ¶ 5, 16, 24, 37, and 51.
 {¶ 5} While the appeal was pending, Ramos filed a petition for postconviction relief in the trial court on May 29, 2007. The trial court denied Ramos' postconviction relief petition without an evidentiary hearing on July 9, 2007.
 {¶ 6} Thereafter, on December 24, 2007, this court determined each of Ramos' assignments of error to be without merit and affirmed the judgment of the trial court. State v. Ramos, 2007-Ohio-6934, at ¶ 56. *Page 3 
 {¶ 7} On July 30, 2007, Ramos filed the instant appeal, asserting two assignments of error:
 {¶ 8} "[1.] Defendant was denied due process of law when his post-conviction petition was dismissed based on the court's personal recollection of the facts.
 {¶ 9} "[2.] Defendant was denied due process of law when the court overruled a petition for his post-conviction relief which alleges facts which would entitle a defendant to post-conviction relief."
 {¶ 10} Due to the interrelatedness of the issues, we will address Ramos' first and second assignments in consolidated fashion.
 {¶ 11} A postconviction proceeding is a "collateral civil attack on a criminal judgment." State v. Moore (1994), 99 Ohio App.3d 748, 751. (Citation omitted.) R.C. 2953.21, which governs postconviction proceedings, provides, in part:
 {¶ 12} "(C) Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript."
 {¶ 13} In State v. White, 118 Ohio St.3d 12, 2008-Ohio-1623, at ¶ 45, the Supreme Court of Ohio upheld its prior decision of State v.Gondor, 112 Ohio St.3d 377, 2006-Ohio-377, at ¶ 58, which held that abuse of discretion is the appropriate standard for appellate review of postconviction proceedings. "`(A) trial court's decision granting or *Page 4 
denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.'"White, supra, quoting Gondor, supra.
 {¶ 14} We, therefore, review the trial court's denial of Ramos' postconviction petition for an abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157. (Citations omitted.)
 {¶ 15} In his petition for postconviction relief, Ramos alleges ineffective assistance of trial counsel due to improper legal advice and a break-down of the attorney-client relationship. In support of his assertions, Ramos submitted his own affidavit with his postconviction relief petition.
 {¶ 16} Appellee responded to Ramos' petition with an affidavit of Ramos' trial counsel, Attorney R. Robert Umholtz.
 {¶ 17} In denying Ramos' petition for postconviction relief, the trial court stated in its July 9, 2007 judgment entry the following:
 {¶ 18} "On review and consideration of the foregoing, and of the arguments made by counsel, the Court finds the petition not well taken.
 {¶ 19} "The undersigned, who was the trial judge who observed defendant and his attorney throughout the proceedings finds defendant's affidavit does not effectively rebut the defendant's plea of guilty, which was voluntary. *Page 5 
 {¶ 20} "Further, the Court finds defendant's claim of ineffective assistance of counsel not credible in light of his voluntary guilty plea, and in light of the affidavit submitted by his then defense counsel."
 {¶ 21} First, Ramos argues the trial court erred when it dismissed his postconviction relief petition based on its personal recollection of the events. To support this position, Ramos cites State v. Mattox (1966),8 Ohio App.2d 65 and State v. Denoon (1966), 8 Ohio App.2d 70. In bothMattox and Denoon, the trial court granted an evidentiary hearing on a petition for postconviction relief and used its own recollection of the events in denying the petition. The recounted facts bearing on the issues, however, were not presented into evidence. Therefore, the Tenth District Court of Appeals held "[t]he reliance of the hearing judge upon facts personally known to him, but not presented in evidence, constituted a denial of appellant's rights of confrontation, cross-examination and an impartial tribunal. See the reasons expressed in State v. Mattox (Nos. 8396 and 8397), 8 Ohio App.2d 65." State v.Denoon, 8 Ohio App.2d at 71.
 {¶ 22} In the instant case, however, the trial court did not hold an evidentiary hearing on Ramos' petition for postconviction relief. In dismissing the petition for postconviction relief without a hearing, the judgment entry of the trial court reflects that it considered the affidavits of the parties, the arguments made by the parties, and its own observations of Ramos and Attorney Umholtz throughout the legal proceedings. As stated by the Sixth District Court of Appeals inState v. Hoffman, the factors to be considered when weighing the credibility of the affidavits and other evidentiary materials submitted include: *Page 6 
 {¶ 23} "(1) [W]hether the same judge who is considering the petition for postconviction relief presided as the trial judge and was in a position to observe the defendant and his attorney; (2) whether the affiants are the petitioner and relatives of the petitioner; (3) whether the affidavits are based upon hearsay; and (4) whether the affidavits have the effect of recanting prior statements." State v. Hoffman (1998),129 Ohio App.3d 403, 408, citing State v. Moore,99 Ohio App.3d at 754-755.
 {¶ 24} Moreover, as stated by this court in State v. Pierce (1998),127 Ohio App.3d 578, 586:
 {¶ 25} "For purposes of determining whether there are substantive grounds for postconviction relief that would warrant a hearing, it is generally accepted that affidavits presented in support of the petition should be accepted as true. * * * However, conclusory or self-serving affidavits presented by the petitioner in support of his claims, without more, will not satisfy the petitioner's evidentiary burden." (Internal citations omitted.)
 {¶ 26} While Ramos contends the trial court dismissed his petition for postconviction relief based on the trial court's own personal recollection of the facts, the July 9, 2007 judgment entry of the trial court indicates otherwise. The trial court, in weighing the credibility of the affidavits, was permitted to consider its position since it had presided over the trial court proceedings and was considering Ramos' petition for postconviction relief. Further, in order to support his claims, Ramos submitted only a self-serving affidavit, which is based, in part, on out-of-court statements allegedly made to him by Attorney Umholtz. Based on the foregoing, Ramos' first assignment of error is without merit. *Page 7 
 {¶ 27} Ramos also maintains that he was entitled to an evidentiary hearing on his petition since his affidavit and the record support relief on the basis of ineffective assistance of trial counsel. We disagree.
 {¶ 28} As previously noted, the trial court is not required to conduct a hearing when a petition for postconviction relief is filed. State v.Allen (Sept. 23, 1994), 11th Dist. No. 93-L-123, 1994 Ohio App. LEXIS 4274, at *4. (Citation omitted.) A trial court may deny a petition without a hearing if the petitioner does not demonstrate substantive grounds for relief pursuant to R.C. 2953.21 through his petition, supporting affidavits, and the files and records of his case. State v.Smith (Aug. 22, 1997), 11th Dist. No. 96-P-0275, 1997 Ohio App. LEXIS 3781, at *8. (Citations omitted.) "The trial court may also deny a petition for post-conviction relief without a hearing if it finds that the petition advances a constitutional claim, but that claim `was raised or could have been raised' during the original trial or in a subsequent appeal." State v. Young, 10th Dist. No. 05AP-641, 2006-Ohio-1165, at ¶ 7. (Citation omitted.) "Moreover, claims that could have been raised and fairly determined based on evidence in the record are also barred by res judicata even though the petitioner may have presented some additional evidence outside the record." Id. (Citations omitted.)
 {¶ 29} Ramos' claim of ineffective assistance of counsel is barred by the doctrine of res judicata. This claim was raised on his direct appeal, where he was represented by new counsel. Although he submitted a self-serving affidavit to support his claim, "the evidence must show that the petitioner could not have appealed the constitutional claim based on the information in the original trial record. * * * [This may occur, for example, if the petitioner, after conviction, discovered facts that implied] the prosecutor improperly *Page 8 
withheld favorable evidence to the accused." State v. Combs (1994),100 Ohio App.3d 90, 97. (Citations omitted.) Here, Ramos' supporting affidavit alleges he received ineffective assistance because his trial counsel failed "to mount a defense," made inaccurate assurances regarding his sentence, and failed to review the presentence investigation report. In his supporting affidavit, Ramos also alleged a break-down of communication and that he was scared of his trial counsel. Yet, he has failed to demonstrate why these allegations enumerated in his supporting affidavit could not have been raised under his claim for ineffective assistance of counsel on direct appeal. As such, Ramos' argument is barred by the doctrine of res judicata.
 {¶ 30} Moreover, even if Ramos' claim was not barred by the doctrine of res judicata, the trial court did not err in denying his postconviction relief petition without a hearing. Since Ramos asserted ineffective assistance of counsel in his petition for postconviction relief, he bore "the initial burden of submitting evidentiary documents containing sufficient operative facts demonstrating that counsel was both ineffective and prejudicial to his defense. * * * The petition is subject to dismissal when the petitioner fails to submit evidentiary materials demonstrating substantive grounds for relief. * * *" State v.Smith, 1997 Ohio App. LEXIS 3781, at *12-13.
 {¶ 31} In order to satisfy this burden, Ramos submitted nothing more than a self-serving affidavit. However, this evidence, standing alone, was insufficient to require an evidentiary hearing. State v. Kapper
(1983), 5 Ohio St.3d 36, 37-38.
 {¶ 32} As this court determined in State v. Ramos, 2007-Ohio-6934, the record of the instant case refutes Ramos' contentions that Attorney Umholtz was ineffective; that *Page 9 
he had a conflict of interest; and that he did not vigorously represent Ramos during the trial court proceedings. This court noted:
 {¶ 33} "Ramos did not raise any complaints or objections to the trial court during his plea or sentencing hearing that he was dissatisfied with his trial counsel's effectiveness or adequacy of representation. Further, during both the plea and sentencing hearings, Ramos did not raise any complaints or objections to the trial court based on the alleged conflict of interest. In this respect, there is absolutely no evidence in the record that Ramos was adversely affected by counsel's performance. In fact, judging by the trial transcript, there is every indication that Attorney Umholtz vigorously pursued Ramos' best interests from his initial appearance as counsel until the sentencing hearing." Id. at ¶ 31.
 {¶ 34} Further, the self-serving affidavit submitted by Ramos asserts a broad and conclusory allegation of impropriety on the part of Attorney Umholtz. As the Supreme Court of Ohio stated in State v. Jackson (1980),64 Ohio St.2d 107, 111:
 {¶ 35} "Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing." (Citation omitted.)
 {¶ 36} In addition, while Ramos argues the record in the instant case supported his contention, he has failed to cite to the relevant portions of the record below, as required by App. R. 16.
 {¶ 37} Based on the foregoing, Ramos has failed to establish that his trial counsel's performance fell below an objective standard of reasonable representation *Page 10 
and that he was prejudiced by Attorney Umholtz's performance. As such, the trial court did not err in denying his petition for postconviction relief without a hearing. Accordingly, Ramos' second assignment of error is without merit.
 {¶ 38} The judgment of the Geauga County Court of Common Pleas is hereby affirmed.
 DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur. *Page 1