OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Russell E. Appenzeller, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court denied Appenzeller's petition for postconviction relief.
 {¶ 2} Appenzeller was indicted on a total of 18 counts, including six counts of burglary, in violation of R.C. 2911.12(A)(2) and second-degree felonies; six counts of *Page 2 
burglary in violation of R.C. 2911.12(A)(3) and third-degree felonies; two counts of theft, in violation of R.C. 2913.02(A)(1) and fifth-degree felonies; two counts of attempted burglary, in violation of R.C. 2923.02
and third-degree felonies; and two counts of attempted burglary in violation of R.C. 2923.02 and fourth-degree felonies. The charged offenses related to a string of break-ins in Mentor, Ohio.
 {¶ 3} Appenzeller pled not guilty to the charges against him. The matter proceeded to a jury trial. The jury found Appenzeller guilty on all 18 counts. The trial court sentenced Appenzeller to an aggregate prison term of 28 years for his convictions for burglary, theft, and attempted burglary.
 {¶ 4} Appenzeller has filed a direct appeal of the trial court's judgment entry of sentence. Our decision in that matter is also decided today. State v. Appenzeller, 11th Dist. No. 2006-L-258.
 {¶ 5} After he was sentenced, Appenzeller filed a petition for postconviction relief pursuant to R.C. 2953.21. On August 27, 2007, Appenzeller filed a motion for summary judgment in relation to his petition for postconviction relief. Then, the state filed a response to Appenzeller's petition for postconviction relief. In addition, the state filed a brief in opposition to Appenzeller's motion for summary judgment. In a single judgment entry, the trial court denied Appenzeller's petition for postconviction relief and his motion for summary judgment.
 {¶ 6} Prior to addressing Appenzeller's assigned errors, we note that he has failed to cite to the relevant portions of the record as required by App. R. 16. See State v. Ramos, 11th Dist. No. 2007-G-2794,2008-Ohio-3738, at ¶ 36. Specifically, Appenzeller has failed to reference "the pages of the transcript at which the evidence *Page 3 
was identified, offered, and received or rejected." App. R. 16(E). Despite the procedural errors contained in his appellate brief, we will proceed to an analysis of the merits of Appenzeller's assigned errors.
 {¶ 7} Appenzeller raises the following assignments of error:
 {¶ 8} "[1.] The Trial Court erred, to the prejudice of the Appellant, in denying Appellant's Petition For Post Conviction Relief without an evidentiary hearing.
 {¶ 9} "[2.] The Trial Court erred, to the prejudice of the Appellant, by denying Appellant's Motion For Summary Judgment presumably, `on the basis of res judicata,' without more."
 {¶ 10} Due to the similar nature of these assigned errors, we will address them in a consolidated analysis.
 {¶ 11} Ohio's postconviction relief statute, R.C. 2953.21, provides, in part:
 {¶ 12} "(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 13} "* * *
 {¶ 14} "(C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine *Page 4 
whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
 {¶ 15} "* * *
 {¶ 16} "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending."
 {¶ 17} "[T]he trial court is not required to conduct a hearing when a petition for postconviction relief is filed." State v. Ramos, 11th Dist. No. 2007-G-2794, 2008-Ohio-3738, at ¶ 28, citing State v. Allen (Sept. 23, 1994), 11th Dist. No. 93-L-123, 1994 Ohio App. LEXIS 4274, at *4. "As the court in the State v. Jackson case stated, `the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavit and the files and records of this cause.'" State v. Scheidel, 11th Dist. No. 2004-A-0055, 2006-Ohio-198, at ¶ 11, quoting State v. Jackson (1980),64 Ohio St.3d 107, 110. Regarding this inquiry, this court has held:
 {¶ 18} "For purposes of determining whether there are substantive grounds for postconviction relief that would warrant a hearing, it is generally accepted that affidavits *Page 5 
presented in support of the petition should be accepted as true. * * * However, conclusory or self-serving affidavits presented by the petitioner in support of his claims, without more, will not satisfy the petitioner's evidentiary burden." State v. Pierce (1998),127 Ohio App.3d 578, 586. (Internal citations omitted.)
 {¶ 19} A reviewing court uses an abuse of discretion standard of review when reviewing a trial court's determination on a petition for postconviction relief. State v. Gondor, 112 Ohio St.3d 377,2006-Ohio-6679, at ¶ 45. "`The term "abuse of discretion" * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" State v. White, 118 Ohio St.3d 12, 2008-Ohio-1623, at ¶ 46, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157. (Secondary citations omitted.)
 {¶ 20} Appenzeller argues that the trial court erred by dismissing some of his claims pursuant to the doctrine of res judicata.
 {¶ 21} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in the judgment of conviction, or on an appeal from that judgment." State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus.
 {¶ 22} In a petition for postconviction relief, "[t]o overcome theres judicata bar, evidence offered dehors the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record." State v. Lawson (1995),103 Ohio App.3d 307, 315. (Citation omitted.) *Page 6 
 {¶ 23} Some of Appenzeller's claims were properly dismissed pursuant to the doctrine of res judicata. However, we disagree with the trial court's broad conclusion that all of the issues raised by Appenzeller are barred by the doctrine of res judicata. Some of Appenzeller's claims are based on issues dehors the record, which are set forth in his affidavit and the accompanying exhibits. Though, for the reasons that follow, we find that the remainder of the issues presented did not warrant the trial court conducting a hearing on Appenzeller's petition for postconviction relief and that the trial court properly denied the petition.
 {¶ 24} Appenzeller argues that the assistant prosecutor intentionally mentioned a limp he had during trial. At trial, the following colloquy occurred:
 {¶ 25} "Q. And you'd seen [Appenzeller] throughout the course of this case and he seems to be walking with a noticeable limp, have you noticed that?
 {¶ 26} "A. [Sergeant Ken Gunsch] I have noticed.
 {¶ 27} "[Defense counsel]: Objection. Approach?
 {¶ 28} "THE COURT: Overruled.
 {¶ 29} "Q. You have?
 {¶ 30} "A. I have noticed a limp here.
 {¶ 31} "Q. Okay. When you saw him back in May of 2005, was there anything wrong, any limp, anything of that nature?
 {¶ 32} "A. No limp at all."
 {¶ 33} We note that "prosecutorial misconduct will not be a ground for error unless the defendant is denied a fair trial. [State v. Maurer
(1984), 15 Ohio St.3d 239, 266.]" State v. David, 11th Dist. No. 2005-L-109, 2006-Ohio-3772, at ¶ 66. *Page 7 
 {¶ 34} In his affidavit, Appenzeller states that this limp was caused by a full-leg, security brace that he was forced to wear by the Lake County Sheriff's Office. If true, the assistant prosecutor should not have commented upon Appenzeller's required use of this security device. However, Appenzeller has not demonstrated that he was denied a fair trial by this comment. While Appenzeller states the security brace gave him a noticeable limp, he makes no assertion that the jury was able to see the brace itself. Appenzeller argues that the questioning created the inference that he was faking an injury. However, there is an equal inference that he actually had an injury.
 {¶ 35} We do not believe that the assistant prosecutor's inappropriate reference to Appenzeller's brace denied Appenzeller a fair trial.
 {¶ 36} Appenzeller claims that Sergeant Ken Gunsch's affidavit submitted to demonstrate probable cause for an arrest warrant "contained no truths." Appenzeller argues that "[n]o one was `seen exiting' an apartment, no one declared the apartment had been burglarized, no one `picked' appellant from a photo line up * * *." The probable cause affidavit was presumably referring to Shawn Hart, who testified at trial that he saw an individual leave Lauri Casselman's apartment and that he later identified the person as Appenzeller when he was presented with a police line-up. Accordingly, Sergeant Gunsch's affidavit was confirmed by the evidence presented at trial. Thus, while Appenzeller argues in his reply brief that this affidavit "was a lie in its entirety," he has not demonstrated this assertion.
 {¶ 37} Appenzeller advances several claims of ineffective assistance of trial counsel. In State v. Bradley, the Supreme Court of Ohio adopted the following test to determine if counsel's performance is ineffective: "[c]ounsel's performance will not be *Page 8 
deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance."State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, adopting the test set forth in Strickland v. Washington
(1984), 466 U.S. 668. Moreover, "`a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, * * * that course should be followed.'" Id. at 143, quoting Strickland, 466 U.S. at 697.
 {¶ 38} Appenzeller claims his trial counsel was ineffective for failing to object to the requirement that he wear the security leg brace. We disagree. We note trial counsel filed a motion for Appenzeller to appear at trial in civilian clothing, which was granted by the trial court. In fact, Appenzeller wore a blue suit to trial. This shows that trial counsel was cognizant of potential prejudices to Appenzeller and took affirmative steps to minimize those potential prejudices. This refutes Appenzeller's assertion that trial counsel's performance was deficient for failing to object to the leg brace.
 {¶ 39} Further, as previously discussed, Appenzeller has not asserted that the jury could see the actual leg brace during trial. Thus, Appenzeller has not demonstrated how he was prejudiced by counsel's alleged deficient performance.
 {¶ 40} Appenzeller claims that his trial counsel was ineffective for introducing a second photo line-up at trial. The transcript of Appenzeller's trial does not support his assertion that defense counsel introduced a second photo line-up. The transcript indicates that defense counsel did not introduce any exhibits at trial. Further, the only *Page 9 
photo line-up that was admitted was state's exhibit eight, the photo line-up introduced at trial that Hart identified as the photo line-up he was shown. Appenzeller attached a second photo line-up to his affidavit in support of his petition for postconviction relief. It appears this line-up may have been used in connection with an unrelated investigation in which Appenzeller was a suspect.
 {¶ 41} Further, Appenzeller questions the reliability of state's exhibit eight, the photo line-up introduced at trial that Hart identified as the photo line-up he was shown. He argues that this exhibit is dated April 21, 2005, while a document attached to his affidavit, captioned "case report" indicates a photo line-up was received on April 19, 2005. Appenzeller argues trial counsel should have objected to state's exhibit eight since it is a "fraud" because it did not exist at the time the case report indicates the photo line-up was received. Appenzeller's contention is unpersuasive since there is no indication as to what photo line-up the case report refers to and at least one other photo line-up existed relating to Appenzeller.
 {¶ 42} Since a second photo line-up was not admitted at trial, Appenzeller cannot demonstrate his trial counsel was ineffective or that the results of his trial would be any different without this perceived error.
 {¶ 43} Finally, Appenzeller claims his trial counsel was ineffective for stipulating to the admission of his screwdriver and duffle bag after filing a motion in limine to exclude the admission of any evidence obtained as a result of Appenzeller's arrest in Willoughby, Ohio. The record does not indicate why trial counsel stipulated to the admission of the screwdriver and duffle bag. Trial counsel may have concluded that the items were going to be admissible regardless and stipulated to their admission to avoid *Page 10 
any prejudice to Appenzeller by reference to the Willoughby incident. Thus, it appears that the decision to stipulate to the admission of these exhibits was one of trial strategy. "The Supreme Court of Ohio has held that trial strategy decisions should not be second-guessed and that `"a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."'"State v. Ogletree, 11th Dist. No. 2005-P-0040, 2006-Ohio-6107, at ¶ 64, quoting State v. Mason, 82 Ohio St.3d at 157-158, quotingStrickland, 466 U.S. at 689.
 {¶ 44} In his affidavit, Appenzeller makes the conclusory statement that the screwdriver and duffle bag would not have been admissible, but he has not substantiated this claim. Therefore, he has not met his evidentiary burden on this issue. See State v. Pierce,127 Ohio St.3d at 586.
 {¶ 45} The trial court did not abuse its discretion by denying Appenzeller's petition for postconviction relief without a hearing.
 {¶ 46} Pursuant to Civ. R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party. Civ. R. 56(C). The standard of review for the granting of a motion for summary judgment is de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 47} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. *Page 11 
In Dresher v. Burt, the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ. R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in Misteff v.Wheeler (1988), 38 Ohio St.3d 112.
 {¶ 48} "* * *
 {¶ 49} "The Supreme Court in Dresher went on to hold that whenneither the moving nor nonmoving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled to a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, `and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's *Page 12 
claim.' [Dresher v. Burt, 75 Ohio St.3d at 276.]" Welch v.Ziccarelli, 11th Dist. No. 2006-L-229, 2007-Ohio-4374, at ¶ 40-42. (Emphasis sic.)
 {¶ 50} We have concluded that the trial court did not err by denying Appenzeller's petition for postconviction relief. Therefore, Appenzeller was not entitled to judgment as a matter of law and summary judgment in his favor was not warranted. Thus, the trial court did not err in denying Appenzeller's motion for summary judgment.
 {¶ 51} Appenzeller's first and second assignments of error are without merit.
 {¶ 52} The judgment of the trial court is affirmed.
 CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., concur. *Page 1