[Cite as *Appenzeller v. Miller*, 2012-Ohio-6093.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RUSSELL APPENZELLER, | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| V. | ) | CASE NO. 12 BE 24 |
| | ) | |
| MICHELE MILLER, WARDEN, | ) | OPINION |
| | ) | AND |
| RESPONDENT. | ) | JUDGMENT ENTRY |

CHARACTER OF PROCEEDINGS:     Petition for Writ of Habeas Corpus

JUDGMENT:                                    Dismissed

APPEARANCES:
For Petitioner                                Russell Appenzeller
                                                   #514-991
                                                   P.O. Box 540
                                                   St. Clairsville, Ohio 43950-0540


For Respondent                             Michael DeWine
                                                   Ohio Attorney General
                                                   M. Scott Criss
                                                   Assistant Attorney General
                                                   Criminal Justice Section
                                                   150 East Gay Street, 16th Floor
                                                   Columbus, Ohio 43215


JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite



                                                   Dated: December 24, 2012

PER CURIAM.

{¶1} Petitioner Russell E. Appenzeller has filed a pro se petition for writ of habeas corpus claiming his convictions and sentences are unlawful and void due to violations of due process and equal protection of the laws. Respondent Michele Miller, Warden of the Belmont Correctional Institution in St. Clairsville, Ohio answered by filing a motion to dismiss.

{¶2} Appenzeller was indicted in the Lake County Common Pleas Court on 18 felony counts that included burglary, theft, and attempted burglary relating to a pattern of residential break-ins that occurred in the Mentor area in February 2005. In 2006, a jury convicted Appenzeller on all counts and the trial court sentenced him to an aggregate term of 28 years in prison. Appenzeller appealed his conviction and sentence to the Eleventh District Court of Appeals. The court found there was sufficient evidence to convict Appenzeller and that his conviction was not against the manifest weight of the evidence. The court also found no error with the admission into evidence of a photo line-up in which a witness identified Appenzeller as the person leaving one of the residences that were broken into. Likewise, the court found no error with the trial court's denial of Appenzeller's belated attempt to represent himself pro se at trial. The court did, however, conclude that the multiple counts of burglary and attempted burglary were allied offenses of similar import and erred in failing to merge them together. It affirmed in part and reversed in part, remanding the case for merging of certain offenses and resentencing. *State v. Appenzeller*, 11th Dist. No. 2006-L-258, 2008-Ohio-7005. Upon resentencing, the trial court again sentenced Appenzeller to an aggregate term of 28 years in prison. The Eleventh District affirmed the trial court's resentencing decision. *State v. Appenzeller*, 11th Dist. No. 2009-L-027, 2009-Ohio-6384.

{¶3} Meanwhile, Appenzeller had filed a petition for postconviction relief which the trial court denied. The Eleventh District affirmed that decision. *State v. Appenzeller*, 11th Dist. No. 2007-L-175, 2008-Ohio-6982.

{¶4} Turning to the petition presently before this court, we note that "habeas corpus lies only if the petitioner is entitled to immediate release from confinement." *State ex rel. Jackson v. McFaul,* 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995). In

habeas corpus cases, the burden of proof is on the petitioner to establish his right to release. *Halleck v. Koloski,* 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell,* 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963). "[U]nsupported and uncorroborated statements of the petitioner, standing alone, are not sufficient to overcome the presumption of regularity of the court's judgment." *Yarbrough,* 174 Ohio St. at 288, 189 N.E.2d 136 (1963). "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller,* 103 Ohio St.3d 427, 2004–Ohio–5579, 816 N.E.2d 594, ¶6.

**{¶5}** In his petition, Appenzeller alleges prosecutorial misconduct and that he was denied assistance of trial counsel "surreptitiously." He contends there was no "actual genuine" probable cause that he committed the break-ins and that four days prior to trial the prosecution manufactured a photo array that was somehow different than the one used during the investigation. He also argues that his trial counsel knew that the photo array provided by the prosecution was not genuine and that his opening statement to jurors amounted to "chicanery" and that he only gave the appearance of a zealous defense by trying to impress upon the jurors that photo arrays were unreliable. He incongruously argues that his trial counsel's presentation left the jury "embedded" with the knowledge that the photo array was not genuine.

**{¶6}** As for the basis of his petition, Appenzeller claims he was denied due process and equal protection of the laws because there was a break in the chain of custody of the transcript of proceedings that prevented the court of appeals from assessing these errors that allegedly occurred at trial. He cites the Eleventh District Court of Appeals Loc.R. 11 which provides:

> When a Notice of Appeal has been filed in a particular case, the entire trial court record, including the transcript of proceedings, becomes subject to the exclusive direction and control of the Court of Appeals. With a filing of the notice, any existing authority to allow removal of the transcript of the proceedings from the Clerk of Courts'

office is automatically superseded by the authority of the Court of Appeals. Permission for removal of the transcript may be granted upon application on a form provided and approved by the judges of this court. Any removal permitted shall be conditioned upon the return of the transcript within 14 days from the date of removal or 14 days before the date set for oral argument, whichever is earlier. *Copying and disassembling of a transcript filed with the Court of Appeals is prohibited.* Failure to comply with this rule may result in the issuance of a citation for contempt of court.

The Court of Appeals reserves the right to limit or restrict access to all items of record in its possession in order to preserve the proper chain of custody and maintain the evidential integrity of the record and its contents.

(Emphasis sic.)

**{¶7}** Pointing to the docket sheet for his direct appeal, Appenzeller claims that the Eleventh District Court of Appeals lost exclusive direction and control of the transcript of proceedings when his appointed appellate counsel checked it out from October 25, 2007, to November 19, 2007. He argues that this constituted an "intolerable fundamental break in the chain of custody of all the entire evidence * * * seriously affecting the integrity of both appellate proceedings substantially." He argues that "somebody" intentionally disassembled the transcript of proceedings so as not to include his trial counsel's opening statement.

**{¶8}** A review of Appenzeller's petition reveals that it must be dismissed for two reasons. First, Appenzeller has failed to present the type of claim for which habeas is the appropriate avenue of legal relief. Generally, habeas corpus will lie only to challenge the jurisdiction of the sentencing court. *Stahl v. Shoemaker*, 50 Ohio St.2d 351, 364 N.E.2d 286 (1977). Under R.C. 2725.05:

If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or

magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed.

{¶9}   Here, Appenzeller does not challenge the jurisdiction of the sentencing court, but rather that there were constitutional violations that resulted in an improper conviction.   Habeas is available in certain extraordinary circumstances where the issues are nonjurisdictional.   However, such situations are strictly limited to where there was no adequate legal remedy, such as direct appeal or postconviction relief. *State ex rel. Pirman v. Mooney*, 69 Ohio St.3d 591, 593, 635 N.E.2d 26 (1994).   In the instant case, Appenzeller had an adequate remedy at law to pursue his claims, namely a renewed petition for postconviction relief.

{¶10} Moreover, the Ohio Supreme Court has held that the specific types of claims Appenzeller is attempting to assert here are not viable habeas corpus claims. Claims involving the ineffective assistance of counsel are not cognizable in habeas corpus. *Bozsik v. Hudson*, 110 Ohio St. 3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶7.   Likewise, claims of fraud upon the court and prosecutorial misconduct are not cognizable in habeas corpus. *Keith v. Bobby*, 117 Ohio St. 3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶15.

{¶11} The second reason Appenzeller's petition must be dismissed goes to his evidentiary burden.   Even if this court were able to reach the merits of his claims, Appenzeller has failed to meet his burden of proof to provide sufficient evidence to overcome the presumption of regularity accorded the trial court's and appellate court's proceedings.   The Eleventh District Court of Appeals Loc.R. 11 allows for removal of the transcript of proceedings with its permission.   As indicated, in support of his petition, Appenzeller has provided copies of the docket sheets from his direct appeal reflecting that the transcript of proceedings were checked out by appointed appellate counsel.   The evidence provided by Appenzeller reveals no irregularities in the trial court or appellate court proceedings.   The docket sheets reflect only the

routine practice of an appellate attorney checking out the transcript of proceedings in order to prepare an appellate brief in furtherance of Appenzeller's appeal. In sum, Appenzeller has failed to support his claims by any relevant evidence beyond his own self-serving conclusory assertions.

{¶12} For the foregoing reasons, the warden's motion to dismiss is granted and Appenzeller's petition for writ of habeas corpus is hereby dismissed.

{¶13} Costs taxed against Appenzeller. Final order. Clerk to serve notice on the parties as required by the Ohio Rules of Civil Procedure.

Donofrio, J. concurs.
Vukovich, J. concurs.
Waite, P.J., concurs.