[Cite as *State v. Miller*, 2017-Ohio-8809.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-074** |
| GINA B. MILLER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2015 CR 000776.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Gina B. Miller, appeals from the judgment of the Lake County Court of Common Pleas, sentencing her to eight years imprisonment after she entered a plea of guilty to one count of aggravated theft, a felony of the second degree. For the reasons discussed in this opinion, we affirm.

{¶2} Appellant was born into a Romanian Gypsy family. She was removed from school after the second grade and spent the next 10 years, under her grandmother's tutelage, learning how to do psychic readings. When she turned 18, she began doing psychic readings on her own. For approximately 20 years, appellant operated a psychic-readings business. In exchange for her services, appellant was paid in cash, credit-card-cash advances, jewelry, and expensive watches.

{¶3} Ultimately, in 2015, one of appellant's clients went to the Mentor Police Department and complained about her alleged fortune-telling tactics. An extensive investigation was launched, which resulted in the identification of other clients who experienced the same tactics. The investigation culminated in a 28-count indictment, which included felonies of engaging in a pattern of corrupt activity, aggravated theft, telecommunications fraud, identity fraud, securing writings by deception, grand theft, and theft, with multiple forfeiture specifications. Appellant initially pleaded not guilty to the indictment, but withdrew the same and entered a plea of guilty to an amended count of aggravated theft, in violation of R.C. 2913.02(A)(3), a felony of the second degree. The matter was referred to the Lake County Adult Probation Department for a pre-sentence investigation report.

{¶4} After a hearing, at which the state set forth a lengthy recitation of the nature and severity of appellant's criminal conduct, the trial court ordered appellant to serve a prison term of eight years; appellant stipulated to an order requiring her to pay victims $1.4 million in restitution. The court further ordered all items seized during the execution of search warrants of her home and business and identified in the forfeiture specification be forfeited and distributed to appellant's victims in proportion to their

economic losses. Appellant now appeals her prison sentence and assigns the following as error:

{¶5} "The trial court erred by sentencing the defendant-appellant to a maximum, eight-year prison term."

{¶6} Appellant argues her sentence is contrary to law because the trial court imposed maximum sentences without properly considering and weighing the relevant sentencing factors found in R.C. 2929.11 and R.C. 2929.12.

{¶7} "R.C. 2953.08(G) and the clear and convincing standard should be applied to determine whether a felony sentence is contrary to law." *State v. Bryant,* 11th Dist. Trumbull No. 2015-T-0100, 2016-Ohio-4928, ¶54. *See also State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶1, citing R.C. 2953.08(G)(2) To wit, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum*, *supra*.

{¶8} A trial court imposing a felony sentence is required to consider the seriousness and recidivism factors found in R.C. 2929.12 to ensure the sentence complies with the overriding principles of felony sentencing, as stated in R.C. 2929.11. *See* R.C. 2929.12(A). The trial court, however, "is not required to 'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12).'" *State v. Webb,* 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10, quoting *State v. Arnett,* 88 Ohio St.3d 208, 215 (2000). Moreover, the "trial court is not required to give any particular

weight or emphasis to a given set of circumstances" when considering the statutory factors. *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

{¶9}    Appellant contends the trial court's sentence is contrary to law because its findings, pursuant to R.C. 2929.12, were not supported by the record.  She first argues the trial court erred in finding that no factors made her conduct less serious.  In particular, she asserts the victims in this case, at least in part, induced or facilitated the offense because they sought out appellant. *See* R.C. 2929.12(C)(1). Although the victim's sought appellant's "advice" or "insight," they did not necessarily facilitate their own losses.  The trial court noted, and the record demonstrated, that the victims in this case were emotionally vulnerable when they sought appellant's counsel.  Appellant exploited their fragility and led them to believe that if they did not listen to her and continue to pay for her services, terrible or traumatic events would likely befall them.  To be sure, the victims placed themselves in a position to be exploited, their actions, however, did not make appellant's exploitation any less serious.

{¶10}  Appellant next notes she did not cause or expect to cause physical harm to the victims. *See* R.C. 2929.12(C)(3).  The crime to which appellant pleaded guilty did not involve an allegation of physical harm.  Hence, appellant's observation is irrelevant to the facts of this case.

{¶11}  Appellant further argues the court failed to consider whether she acted under strong provocation pursuant to R.C. 2929.12(C)(2).  She emphasizes that she was raised in a cultural environment that devalues education for females in favor of developing their fortunetelling skills.  She was raised to be a fortuneteller and, as a result, she contends she was strongly provoked, from a very early age, to commit the

4

crime to which she pleaded guilty. The trial court addressed this argument from the bench, stating:

{¶12} "As for the information presented to this Court regarding the Defendant's upbringing and her culture, starting at an early age, quite frankly, the Court doesn't find this to be a mitigating factor at all. If that's what she was taught, if that's how she was raised, to steal from people, to engage in that conduct to steal from people, quite frankly, the people that taught her to steal and to do that, should be tracked down if possible and they should be charged and prosecuted as well. I know it's not possible here, most likely can't happen. Just because somebody teaches somebody to steal, doesn't justify or excuse or mitigate what I do, the fact that the person then engages in that conduct."

{¶13} The trial court considered appellant's unusual background, especially how she was raised, and reasonably concluded it did not justify leniency.

{¶14} Next, appellant takes issue with the trial court's observation that, even though she had no prior criminal record, her 15-year span of engaging in a systematic theft of multiple victims indicated she had not led a law-abiding life. Appellant maintains other "evidence" indicated otherwise. It is unclear how appellant can dispute the factual foundation of the trial court's finding. She admitted to the theft and stipulated to the restitution order. There was no evidence suggesting her theft strategy spanned less than 15 years and, as a result, the trial court could reasonably conclude she was not a law-abiding citizen throughout that timeframe.

{¶15} Appellant additionally argues the trial court erred when it failed to consider her remorse. Appellant notes she acknowledged she took advantage of her clients and

5

should have been more honest with them; she places emphasis on the apologies she advanced and the forgiveness she sought. She also points out that, following her indictment, she went to her family and church members to discourage them from engaging in fraudulent fortunetelling.

{¶16} Regardless of the foregoing, appellant even recognizes her acts of contrition only occurred *after* she was indicted. Because the conduct occurred over a lengthy period and her conduct during this period was relatively egregious (e.g., advising clients that, if they ceased seeking her counsel and paying her, either they or their loved ones may die), the court could reasonably find that appellant's stated remorse was less than genuine and did not merit significant consideration.

{¶17} Finally, appellant notes that, while the $1.4 million restitution figure, to which she stipulated, is high, it is not particularly large in light of the 15-year timeframe she was perpetrating the scheme. Regardless of the amount-of-money-to-timeframe ratio, the trial court emphasized that appellant engaged in criminal acts for fifteen straight years. It further stated:

{¶18} "And you may not have a criminal record, as I noted earlier when I was going through the factors, but for all intensive [sic] purposes you're a career criminal. You've spent fifteen of the twenty-three years as an adult committing these crimes. Fifteen of your twenty-three years, at the time this offense occurred, of committing crimes. More than most career criminals we deal with."

{¶19} The trial court's point underscores that, irrespective of the ultimate amount of restitution that was agreed to, appellant's conduct involved an ongoing, systematic, and consciously orchestrated plan to commit the crime to which she pleaded.

6

Regardless of the amount of restitution at issue, the trial court did not err when it failed to consider that amount in relation to the lengthy timeframe appellant was engaged in her scheme.

{¶20} The trial court considered the purposes and principles of felony sentencing and engaged in a lengthy discussion, on record, of how the seriousness factors of R.C. 2929.12 demonstrate that the prison term imposed served those purposes and principles. We therefore conclude the record supports the trial court's imposition of an eight-year term of imprisonment.

{¶21} Appellant's sole assignment of error lacks merit.

{¶22} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concurs.