[Cite as *State v. Miller*, 2020-Ohio-3329.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-084** |
| GINA B. MILLER, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2015 CR 000776.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Albert L. Purola*, 38298 Ridge Road, Willoughby, OH 44094 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Gina B. Miller, appeals from the July 29, 2019 judgment of the Lake County Court of Common Pleas, denying her petition for postconviction relief without a hearing. We affirm the trial court's judgment.

{¶2} The facts in this matter have been stated through the previous appeal in *State v. Miller*, 11th Dist. Lake No. 2018-L-055, 2018-Ohio-5192 ("*Miller II")*, ¶2-7, and are as follows:

On September 6, 2016, after a police investigation uncovered impropriety in connection with appellant's fortune-telling business, appellant was charged in a 28-count indictment, which included felonies for engaging in a pattern of corrupt activity, aggravated theft, telecommunications fraud, identity fraud, securing writings by deception, grand theft, and theft. Several of the charges included a forfeiture specification. Appellant initially entered a plea of not guilty to the indictment.

A plea hearing was held on March 10, 2017. Appellant withdrew her plea of not guilty and entered a plea of guilty to an amended count of aggravated theft, a second-degree felony in violation of R.C. 2913.02(A)(3). The remaining counts were dismissed. The matter was referred to the Lake County Adult Probation Department for a pre-sentence investigation report ("PSI").

A sentencing hearing was held on April 27, 2017. Appellant was sentenced to serve eight years in prison. Appellant stipulated to an order requiring her to pay her victims $1.4 million in restitution. All items seized by police from appellant's home and business were to be forfeited and items distributed to the victims. The trial court filed its judgment entry of sentence on April 28, 2017.

Appellant noticed a direct appeal, arguing her sentence was contrary to law. This court affirmed the trial court's judgment. *See State v. Miller*, 11th Dist. Lake No. 2017-L-074, 2017-Ohio-8809 [*Miller I*].

On October 12, 2017, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21. * * * Attached to the petition was the appellant's affidavit, in which she averred that prior to her plea hearing she had instructed trial counsel she did not want to enter a guilty plea and wanted to go to trial; that trial counsel told her she would "not be locked up, and at the sentencing hearing, Affiant would probably get probation or at most two (2) years"; that she is poorly educated and was overpowered by the situation; "that at the trial, she wrote on a legal pad belonging to [trial counsel], that may still be in existence, that she did not want to go to trial"[1]; and that she never deceived anyone and instead, "[s]he just talked to them, and they liked her." * * *

In a judgment entry filed April 4, 2018, the trial court denied appellant's petition for postconviction relief [without a hearing]. * * *

---

1. We again note that this statement is inconsistent with the other statements in appellant's affidavit and with her assertion that she wanted to go to trial.

2

{¶3} On appeal, we held that the trial court erred when it failed to address the credibility of appellant's affidavit or determine whether it presented substantive grounds for postconviction relief that would warrant a hearing. *Miller II*, *supra*, at ¶24. We remanded the matter for the limited purpose of allowing the trial court to exercise its discretion and determine whether the affidavit is credible and presents substantive grounds for postconviction relief. *Id.*

{¶4} Upon remand from this court, the trial court entered judgment on the issue of conducting a hearing on the petition for postconviction relief on July 29, 2019. The trial court concluded, after a thorough analysis, that appellant's affidavit was not credible. As a result, the trial court dismissed the petition without conducting a hearing.

{¶5} Appellant filed a timely notice of appeal and raises the following assignment of error for our review:

{¶6} "The trial court abused its discretion in refusing to grant a hearing."

{¶7} Appellant also presents the following question for this court to consider: "Is the abuse of discretion standard so amorphous and subjective to be no standard at all, in violation of the Due Process Clause of the Fourteenth Amendment?"

**Standard of Review**

{¶8} As we stated in the previous appeal, "'in reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact.'" *Id.*, quoting *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph one of the syllabus. The Ohio Supreme

3

Court outlined this standard of review in *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶51-52:

> In postconviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing. * * * [T]he trial court's gatekeeping function in the postconviction relief process is entitled to deference, including the court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the affidavits submitted. We established in *Calhoun* that a court reviewing the trial court's decision in regard to its gatekeeping function should apply an abuse-of-discretion standard. The consistent approach is to grant that same level of deference to the trial court in regard to its posthearing decision.

{¶9} Appellant initially takes issue with the "abuse of discretion" standard of review itself. Appellant identifies various standards attributed to the "abuse of discretion" standard, including the definition in *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983). It should be noted that this court has previously disavowed the standard in *Blakemore* and has consistently applied the following standard from *State v. Ferranto*, 112 Ohio St. 667 (1925), as discussed in *Bayus v. Bayus*, 11th Dist. Trumbull No. 2011-T-0062, 2012-Ohio-1462, ¶16 (per curiam):

> As this court recently stated, the term "abuse of discretion" is one of art, "connoting judgment exercised by a court, which does not comport with reason or the record." *State v. Underwood*, 11th Dist. No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). The Second Appellate District also recently adopted a similar definition of the abuse-of-discretion standard: an abuse of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* (8 Ed.Rev.2004) 11. As Judge Fain explained, when an appellate court is reviewing a pure issue of law, "the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the

4

reviewing court would have reached a different result is not enough, without more, to find error." *Id.* [at] ¶67.

*Accord Dague v. Dague*, 11th Dist. Lake No. 2011-L-076, 2012-Ohio-1582, ¶33; *In re A.L.W.*, 11th Dist. Portage Nos. 2011-P-0050, *et seq.*, 2012-Ohio-1458, ¶50; *Marble Builder Direct Internatl., Inc. v. Hauxhurst*, 11th Dist. Lake No. 2011-L-040, 2012-Ohio-1674, ¶16; *Cobb v. Shipman*, 11th Dist. Trumbull No. 2011-T-0049, 2012-Ohio-1676, ¶17.

{¶10} As discussed above—and pursuant to *Gondor* and *Calhoun*—abuse of discretion is the appropriate standard of review for the trial court's denial of a hearing on a petition for postconviction relief, and we apply it as discussed accordingly.

**Analysis of the Credibility of Miller's Affidavit**

{¶11} In the matter sub judice, appellant argues that the denial of a hearing, regardless of the trial court's discretion, amounts to a violation of her due process rights. The trial court denied appellant a hearing because it found that the affidavit submitted with the petition for postconviction relief lacked credibility.

> {¶12} [I]n assessing the credibility of affidavit testimony in so-called paper hearings, [the trial court] should consider all relevant factors. Among those factors are (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony.

*Calhoun*, *supra*, at 285 (internal citations omitted). Further, "'[f]or purposes of determining whether there are substantive grounds for postconviction relief that would

warrant a hearing, it is generally accepted that affidavits presented in support of the petition should be accepted as true. * * * However, *conclusory or self-serving affidavits presented by the petitioner in support of his claims, without more, will not satisfy the petitioner's evidentiary burden.*'" *State v. Ramos*, 11th Dist. Geauga No. 2007-G-2794, 2008-Ohio-3738, ¶25, quoting *State v. Pierce*, 127 Ohio App.3d 578, 586 (11th Dist.1998) (emphasis added).

{¶13} In the matter sub judice, the trial court reviewed the affidavit submitted by appellant with her petition for postconviction relief and determined that it lacked sufficient credibility to warrant granting a hearing on the matter. The trial court applied the factors and concluded (1) the judge ruling on the petition also presided over the change of plea hearing, and is familiar with the proceedings; (2) the only affidavit submitted was that of appellant; (3) multiple averments in the affidavit rely on hearsay; (4) the affidavit is self-serving and produced by a person, the appellant, with a clear interest in the efforts; and (5) the statements made in the affidavit are both internally inconsistent and contradictory with the plea colloquy the court engaged in with appellant on the record before accepting her guilty plea. All of these findings are supported by the record, reflected in appellant's contradicting affidavit, and duly stated in the trial court's judgment entry.

{¶14} Appellant challenges the persuasiveness of the plea colloquy; however, the trial court, in exercising its discretion, directly addressed this challenge in the judgment entry:

> As for the plea colloquy, defense counsel has argued that it should be disregarded. That every criminal lawyer, as well as most judges, know that plea hearings are scripted, with everyone saying just enough to get through the hearing, with likely little or no

6

understanding of the depth of the proceeding. Essentially, he contends that plea hearings are a farce and that the words spoken at these hearings should not be given any weight.

First, the Defendant does not even allege in her affidavit that she did not understand what she was being told by the Court, the questions that were being asked of her, or what the proceeding was about. In addition, she also never states that her answers to the questions she was being asked are not true and that she was just responding to the questions how her lawyer told her to respond, i.e. scripted, or how she thinks the Court wanted her to respond.

Second, if defense counsel's position is to be adopted, then every plea hearing that takes place daily across the country is an exercise in futility and a complete waste of time. Courts would be in a no-win situation. On the one hand, judges can advise criminal defendants of all of their constitutional rights and the penalties they face, and strictly adhere to the mandates of Crim.R. 11, but should give no weight or consideration to the responses given by the defendants because it should be presumed they really do not understand and are just saying what we want to hear. Under this scenario, if a defendant comes back later and makes self-serving statements that contradict statements made during the hearing, the self-serving statements should be believed, the statements made during the plea should not be considered, and the plea would ultimately have to be vacated. On the other hand, judges can choose not to follow the requirements of Crim.R. 11 and not inquire of the defendants and just let them plead guilty. Obviously, we all know what would happen with this scenario.

This Court refuses to adopt this argument of the defendant's counsel. It goes without saying that the plea colloquy mandated by Crim.R. 11 is an imperative part of the criminal justice system, and courts that strictly comply with the requirements of Crim.R. 11 must be permitted to rely on the responses provided. Defendant's argument regarding the futility of this procedure has no merit.

{¶15} Further, appellant takes issue with the determination that her affidavit lacked credibility by criticizing the trial court for quashing a subpoena of her trial counsel. Appellant argues that by not allowing her to subpoena her previous counsel—who is alleged to have given her ineffective assistance and incorrect legal advice regarding her potential sentence—her affidavit is the only way to credibly introduce

evidence of misconduct. The record reflects the trial court issued a judgment entry quashing the subpoena of appellant's previous counsel on June 3, 2019. However, there is no assignment of error with regard to this entry. This entry was not included in the notice of appeal filed by Miller and is not properly before this court for consideration. Therefore, we decline to consider the relevance of the ruling on appellant's subpoena in determining whether the trial court abused its discretion in evaluating the credibility of her affidavit.

{¶16} The trial court applied the *Calhoun* factors in making its determination that the affidavit submitted with the petition for postconviction relief lacked credibility and properly journalized it in the judgment entry from which appellant now appeals. This determination was within the discretion of the trial court, and the decision to deny appellant a hearing on her petition for postconviction relief was not a violation of her right to due process.

{¶17} Finally, appellant filed a supplemental memorandum in which she argues, for the first time, that she was not advised as to the elements of the crime to which she pled guilty before sentencing. Her argument is that because she was not fully advised, her plea was not made intelligently and voluntarily. We note that this has not been assigned as error in the present appeal; however, even if it were, this issue was ripe at the time she filed her notice of direct appeal in *Miller I*. Appellant could have posed the challenge at that time, but she did not.

{¶18} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of

8

due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. "[A]ny issues that * * * could have been raised by a defendant * * * on direct appeal are res judicata and not subject to review in subsequent proceedings." *State v. Lintz*, 11th Dist. Lake No. 2010-L-067, 2011-Ohio-6511, ¶36 (citations omitted).

{¶19} With regard to appellant's supplemental memorandum challenging the voluntariness of her plea, the doctrine of res judicata operates to bar that challenge.

{¶20} Appellant's sole assignment of error has no merit.

{¶21} The judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.