[Cite as *State v. Gray*, 2022-Ohio-1945.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 111098 |
| v. | : | |
| RAMON GRAY, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 9, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-08-507759-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee*.

G. Michael Goins, *for appellant*.

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant Ramon Gray ("Gray") appeals from the judgment of the Cuyahoga County Court of Common Pleas denying his petition for

postconviction relief. After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} In 2009, Gray was convicted of two counts of aggravated murder, each with a capital offense and firearm specification, and one count of having a weapon while under disability. Gray was sentenced to life in prison without parole.[1]

{¶ 3} Gray appealed his conviction to this court, which overruled all of his assignments of error and affirmed the judgment of the trial court. *State v. Gray,* 8th Dist. Cuyahoga No. 92303, 2010-Ohio-240 ("*Gray I*"). Three of the assignments of error in *Gray I* are pertinent to this appeal, to wit: (1) Gray was denied due process and equal protection of the law because the visiting judge who presided over his trial was never properly assigned to the case; (2) it was prejudicial error for the trial court to refer to the specification contained in R.C. 2929.04(A)(5) as a "mass murder" specification; and (3) the court denied Gray due process and equal protection of the law when it denied his request for appointment of an expert on eyewitness identification.

{¶ 4} As stated above, this court found no merit to these assignments of error and affirmed the judgment and sentence of the trial court.

{¶ 5} While his direct appeal was pending, Gray filed a petition for postconviction relief asserting the following challenges: (1) his trial counsel was

---

[1] The particular substantive facts of Gray's conviction are not relevant to this appeal. A full recitation of the underlying facts can be found in this court's opinion in *State v. Gray*, 8th Dist. Cuyahoga No. 92303, 2010-Ohio-240, ¶ 2-9.

ineffective in failing to object to the visiting judge who presided over his case; (2) the trial court should have granted his motion for appointment of an expert during the trial; and (3) he was prejudiced by the trial court's references to the course of conduct specification as the mass murder specification.

{¶ 6} In 2014, over five years after his petition for postconviction relief had been pending, Gray filed a "Corrected Supplemental Affidavit in Support of Petition for Post-Conviction Relief." The affidavit submitted was from his brother, Rufus Gray, stating that Gray was not present at the shooting.

{¶ 7} In 2017, Gray filed a motion for leave to file delayed motion for new trial on the basis of newly discovered evidence. He attached to the motion his own affidavit and the affidavits of Rufus Gray and Curtis Davis. The trial court conducted a hearing on the motion and subsequently denied the motion.

{¶ 8} The court's denial of the motion was affirmed by this court in *State v. Gray*, 8th Dist. Cuyahoga No. 107394, 2019-Ohio-1638 ("*Gray II*"). This court held that Gray had failed to provide clear and convincing evidence that he was unavoidably prevented from discovering the new evidence, and consequently, the trial court had not abused its discretion in denying the motion for leave to file delayed motion for new trial.

{¶ 9} In 2020, Gray filed another motion for leave to file a motion for new trial, again on the basis of newly discovered evidence. The evidence attached to the motion consisted of the following: (1) Eddie Parker's written statement to police in 2007; (2) Curtis Davis's 2017 affidavit claiming that he was fighting with Ramon

Gray at the time of the shooting; (3) an affidavit from Rashida Newell, signed on March 24, 2020, claiming that Rufus Gray told her in November 2019 that he shot the victims; (4) an affidavit signed by Rufus Gray on December 2, 2019, claiming that he shot Willie Deloach and Andre Parker in self-defense; and (5) an affidavit from Edward W. Rausch, Esq., who filed Gray's 2017 motion for leave, claiming that he never knew "Rufus Gray purposefully shot the firearm in self-defense."

{¶ 10} The 2020 motion relied on the same evidence that the trial court already rejected in 2018 and that this court affirmed in *Gray II*. Consequently, the trial court denied Gray's motion, holding that the evidence was not newly discovered and that Gray was not unavoidably prevented from discovering the information. The court further found that Gray's claims were barred by the doctrine of res judicata.

{¶ 11} This court again unanimously affirmed the trial court's decision denying the motion. *State v. Gray*, 8th Dist. Cuyahoga No. 110283, 2021-Ohio-3670 ("*Gray III*"). The panel noted that Gray's arguments in *Gray III* were identical to the arguments presented in *Gray II*. *Gray III* at ¶ 11. It therefore held that Gray's arguments were barred by res judicata and that Rufus Gray's affidavit did not constitute new evidence. *Gray III* at ¶ 16.

{¶ 12} In July 2021, Gray filed a petition for a writ of procedendo against the trial court, seeking an order ruling on his petition for postconviction relief. This court issued a writ of procedendo and ordered the trial court to issue findings of fact

and conclusions of law within 30 days. *Gray v. Miday*, 8th Dist. Cuyahoga No. 110646, 2021-Ohio-4138.

{¶ 13} The trial court then denied the petition, finding that Gray's claims were barred by res judicata because they had been raised on direct appeal and that none of the claims relied upon information dehors the record. The court further determined that even if Gray's claims were not barred by res judicata, they were without merit.

{¶ 14} Gray then filed the instant appeal, raising two assignments of error for our review:

> 1. The trial court abused its discretion when it denied Gray's petition for postconviction relief in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> 2. The trial court erred in denying Gray's petition for postconviction relief where he presented sufficient evidence dehors the record to merit an evidentiary hearing.

## II. Law and Analysis

{¶ 15} The doctrine of res judicata precludes a convicted defendant from raising an issue in a motion for postconviction relief if he raised or could have raised the issue on direct appeal. *State v. Sturdivant*, 8th Dist. Cuyahoga No. 98747, 2013-Ohio-584, ¶ 13, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. All of the claims raised in Gray's petition were presented as assignments of error in his direct appeal and found to be without merit.

{¶ 16} Specifically, this court determined that (1) Gray's argument regarding the visiting judge was waived because Gray failed to object to the case transfer;

(2) Gray also failed to object to the use of "mass murder" specification, but regardless, the error was not prejudicial; and (3) the denial of the requested expert assistance did not result in an unfair trial because the DNA, forensic, and other inculpatory evidence tying Gray to the crime substantially corroborated the eyewitness identification. *Gray I* at ¶ 10, 38, and 52.

{¶ 17} Accordingly, we find that the claims asserted in Gray's petition for postconviction relief were already raised and considered in *Gray I*. The trial court therefore properly determined that the doctrine of res judicata barred any further consideration of these claims. Gray's first assignment of error is overruled.

{¶ 18} Gray's second assignment of error argues that the trial court erred in denying his petition when he presented sufficient evidence dehors the record. Gray contends that because he presented such evidence and stated sufficient operative facts, he was entitled to an evidentiary hearing.

{¶ 19} A trial court does not abuse its discretion in dismissing a petition for postconviction relief without a hearing where (1) the petitioner fails to set forth sufficient operative facts to establish substantive grounds for relief; or (2) the operation of res judicata prohibits the claims advanced in the petition. *State v. Jordan*, 8th Dist. Cuyahoga No. 109345, 2021-Ohio-701, ¶ 11, citing *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 15-16. "The evidence submitted with the petition must be competent, relevant, and material and not merely cumulative of or alternative to evidence presented at trial." *Id.*, citing *State v. Combs*, 100 Ohio App.3d 90, 97-98, 652 N.E.2d 205 (1st Dist.1994).

{¶ 20} In 2014, over five years after his petition had been pending, Gray filed a "Corrected Supplemental Affidavit in Support of Petition for Post-Conviction Relief." The record reflects that Gray did not seek leave to supplement his petition, and he does not argue otherwise. The supplement was an affidavit by Rufus Gray, stating that Gray was not present at the shooting. The statements in the affidavit did not relate to any of the claims raised in Gray's petition for postconviction relief.

{¶ 21} Before the state has filed a response to the petition for postconviction relief, a petitioner may amend his or her petition without seeking leave of court; however, once the state has responded to the petition, the petitioner may amend his or her petition only with leave of court. R.C. 2953.21(F); *State v. Young*, 10th Dist. Franklin No. 05AP-641, 2006-Ohio-1165, ¶ 28.

{¶ 22} As the state had already responded to Gray's petition, Gray was required to seek leave to amend or supplement his petition. Even assuming arguendo that his supplement was proper, though, the affidavit presented did not pertain to the claims raised in Gray's petition. Accordingly, Gray did not present any evidence dehors the record that was relevant to his petition, and his second assignment of error is overruled.

### III. Conclusion

{¶ 23} The trial court did not err in denying Gray's petition for postconviction relief and properly found that all of the claims raised in his petition were barred by res judicata. Both of Gray's assignments of error are overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR