[Cite as *State v. Duncan*, 2024-Ohio-1370.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Nos. 113165 and 113169 |
| v. | : | |
| AMIRA DUNCAN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** April 11, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-23-678223-A and CR-23-678627-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kerry A. Sowul, Assistant Prosecuting Attorney, *for appellee.*

Michael P. Maloney, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Amira Duncan, appeals her conviction for involuntary manslaughter, which was rendered after a guilty plea. She raises one assignment of error:

> I. The trial court's docket and journal entry reflect error in the identity of the offense of conviction.

{¶ 2} Finding some merit to the appeal, we affirm the convictions but remand for the issuance of nunc pro tunc journal entries.

{¶ 3} On January 31, 2023, appellant was indicted in Case No. CR-23-678223-A with aggravated burglary, in violation of R.C. 2911.11(A)(1), with one- and three-year firearm specifications; aggravated burglary, in violation of R.C. 2911.11(A)(2), with one- and three-year firearm specifications; felonious assault, in violation of R.C. 2903.11(A)(1), with one- and three-year firearm specifications; felonious assault, in violation of R.C. 2903.11(A)(2), with one- and three-year firearm specifications; tampering with evidence, in violation of R.C. 2921.12(A)(1), with a one-year firearm specification; and obstructing justice, in violation of R.C. 2921.32(A)(5).

{¶ 4} On February 14, 2023, appellant was charged in Case No. CR-23-678627-A with aggravated murder, in violation of R.C. 2903.01(A), with one- and three-year firearm specifications; murder, in violation of R.C. 2903.02(A), with one- and three-year firearm specifications; murder, in violation of R.C. 2903.02(B), with one- and three-year firearm specifications; felonious assault, in violation of

R.C. 2903.11(A)(1), with one- and three-year firearm specifications; and felonious assault, in violation of R.C. 2903.11(A)(2), with one- and three-year firearm specifications.

{¶ 5} On August 11, 2023, as reflected by the transcript and in accordance with the plea offer, appellant entered a plea of guilty in Case No. CR-678627-A, to one amended count of involuntary manslaughter, in violation of R.C. 2903.04(A) with a three-year firearm specification and one count of felonious assault, in violation of R.C. 2903.11(A)(1). The remaining counts and specifications were dismissed. As part of her plea agreement, appellant agreed that the involuntary manslaughter and felonious assault counts would not merge for purposes of sentencing. Appellant additionally agreed to a sentencing range of 16 to 19 years in prison with no early release to run concurrent to her sentence in Case No. CR-678223-A.

{¶ 6} On August 14, 2023, appellant entered into a plea in Case No. CR-678223-A to one count of felonious assault and one count of tampering with evidence. The remaining counts and specifications were dismissed. The transcript reflects that the trial court sentenced appellant to 13 years for involuntary manslaughter (ten years on the base count plus the three-year firearm specification) consecutive to five years for felonious assault. The court ordered the sentence to run concurrent to Case No. CR-678223-A, in which the court sentenced appellant to an indefinite sentence of five to seven and one-half years in prison for felonious assault

concurrent to one year for tampering with evidence. Thus, appellant was sentenced to a total of 18 years in prison.

{¶ 7} Appellant filed timely notices of appeal; this court consolidated the cases for briefing and review.

{¶ 8} On appeal, appellant contends that the trial court erred because the journal entries for Case No. CR-678627-A state that appellant pleaded guilty to aggravated murder, not involuntary manslaughter. Appellant does not challenge her conviction in Case No. CR-678223-A. Appellant asks for "reversal of her conviction and/or remand."

{¶ 9} The journal entry issued on August 11, 2023, in Case No. CR-678627-A states, in pertinent part: "Defendant retracts former plea of not guilty and enters a plea of guilty to aggravated murder R.C. 2903.01 a un [sic] with firearm specification(s) - 3 years (2941.145) as amended in count(s) 1 of the indictment." In addition, the sentencing journal entry, issued on August 14, 2023, states, in pertinent part: "On a former day of court the defendant pleaded guilty to aggravated murder R.C. 2903.01 A un [sic] with firearm specification(s) - 3 years (2941.145) as amended in Count(s) 1 of the indictment." The transcript reflects that appellant pleaded guilty and was sentenced for involuntary manslaughter, not aggravated murder. The state agrees that the journal entries incorrectly state that appellant pleaded guilty to aggravated murder.

{¶ 10} "[C]ourts possess the authority to correct errors in judgment entries," including clerical errors, mistakes, or omissions that are mechanical in nature,

apparent on the record, and that do not involve a legal judgment, "so that the record speaks the truth." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18, citing *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 656 N.E.2d 1288 (1995). "Nunc pro tunc entries are used to reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide." *Lester* at *id.*, citing *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924. Additionally, Crim.R. 36 provides that "clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

{¶ 11} R.C. 2953.08(D)(1) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." In this case, the sentence imposed by the court was within the agreed-upon range outlined in the plea. However, because the plea and sentencing journal entries do not reflect the true nature of appellant's plea, the case is remanded for the trial court to issue nunc pro tunc entries to reflect appellant's plea to and sentence for involuntary manslaughter.

{¶ 12} The sole assignment of error is sustained; conviction is affirmed. Case remanded for proceedings consistent with this opinion.

It is ordered that appellant and appellee pay their own costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence. The trial court is hereby directed to vacate its prior sentencing order journalized August 11, 2023, and issue a journal entry consistent with this opinion. The trial court is further directed to take all necessary administrative steps to inform the prison system of appellant's modified sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR