[Cite as *State v. Duncan*, 2025-Ohio-2456.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

                                 No. 114697

    v.                                      :

AMIRA DUNCAN,                              :

    Defendant-Appellant.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 10, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-678627-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen L. Hatcher, Assistant Prosecuting Attorney, *for appellee.*

Amira Duncan, *pro se.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Amira Duncan, pro se, appeals from the trial court's December 2, 2024 judgment denying her motion to amend her petition for

postconviction relief.  After a thorough review of the facts and pertinent law, we affirm.

**Factual and Procedural History**

{¶ 2} In February 2023, Duncan was indicted on several charges — including aggravated murder — relative to the fatal shooting of Victor Simuel.  She was charged with a codefendant, Dajhawn Taylor.  The record demonstrates that Duncan, along with two other females, approached Simuel at a Cleveland gas station and the females and Simuel exchanged words.  Duncan had a gun, which she pointed at Simuel.  The trio of females left but returned shortly thereafter, this time with codefendant Taylor.  Both Duncan and Taylor had guns.  The group approached Simuel, with Taylor getting the closest followed by Duncan while the other two females stood back a bit.  Taylor then shot Simuel.  The incident was recorded on a surveillance camera.  *See* Tr. 101-102.

{¶ 3} In August 2023, Duncan, represented by counsel, pleaded guilty to an amended count of involuntary manslaughter with a three-year firearm specification and one count of felonious assault.  As part of her plea agreement, Duncan agreed that the involuntary manslaughter and felonious assault counts would not merge for the purpose of sentencing.  She further agreed to a sentencing range of 16 to 19 years in prison (which accounted for indefinite time under the Reagan Tokes law) with no early release and for the sentence to run concurrent with another case.  The trial court sentenced Duncan to ten years on the involuntary manslaughter, consecutive to three years on the firearm specification; and five years on the felonious assault,

consecutive to the involuntary manslaughter. The sentence in this case was ordered to be served concurrently with the sentence in Duncan's other case.

{¶ 4} Duncan, with the assistance of counsel, appealed and challenged two of the trial court's entries which stated, in part, that she had pleaded guilty to aggravated murder. *State v. Duncan*, 2024-Ohio-1370 (8th Dist.). The State and this court agreed that the entries incorrectly stated that portion of Duncan's plea. *Id.* at ¶ 9. Noting that the transcript reflected that Duncan pleaded guilty to involuntary manslaughter — not aggravated murder — and was sentenced on involuntary manslaughter, this court remanded the case to the trial court for the issuance of corrected entries. *Id.* at ¶ 9-12.

{¶ 5} On remand, the trial court issued corrected entries on April 15, 2024. On September 27, 2024, Duncan, pro se, filed a petition to vacate or set aside judgment of conviction or sentence (i.e., a petition for postconviction relief) and requested a hearing. In her petition, Duncan claimed (1) a violation of her double jeopardy rights based on the indictment charging aggravated murder, murder, and felonious assault based on the same act; (2) ineffective assistance of counsel based on her counsel allegedly threatening her with life imprisonment despite her claim of innocence; and (3) a violation of her Eighth Amendment rights based on punishment that she alleged did not fit the crime. Duncan submitted her own affidavit and a sworn statement from codefendant Taylor in support of her petition.

{¶ 6} On October 15, 2024, the State opposed Duncan's petition, and on October 17, 2024, the trial court denied the petition. On October 23, 2024, Duncan

filed a motion to amend her petition.  In the motion, Duncan (1) claimed that she had been incorrectly advised about the Reagan Tokes law; (2) raised a merger issue; and (3) claimed that her plea was not voluntary.

{¶ 7} Regarding the voluntariness of her plea, Duncan claimed that her trial counsel failed to inform her of her right to testify on her own behalf at trial According to Duncan, she could have secured Taylor's testimony at a joint trial.  The State opposed Duncan's motion to amend, and on December 2, 2024, the trial court denied the motion.  The trial court found that Duncan did "not meet the statutory requirements to allow this court to entertain a successive petition for postconviction relief and her attempt to use Crim.R. 32.1 as an alternative basis is barred by res judicata."  Duncan now appeals and assigns the following sole assignment of error for our review:  "The trial court erred and abused its discretion by applying res judicata to deny review."  For the reasons that follow, we disagree.

**Law and Analysis**

{¶ 8} In her assignment of error, Duncan contends that the trial court improperly (1) treated her motion to amend as a successive petition for postconviction relief, (2) denied her motion to amend based on res judicata, and (3) denied her motion to amend without affording her a hearing.  The State contends that the trial court lacked jurisdiction to even consider Duncan's motion and, even if the court had jurisdiction, Duncan failed to present substantive grounds for relief because her claims were barred by res judicata.

{¶ 9} "A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). Generally, an appellate court reviews a lower court's ruling on a postconviction relief petition filed pursuant to R.C. 2953.21 for an abuse of discretion. *State v. Gondor*, 2006-Ohio-6679, ¶ 58. However, "'the question [of] whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely [or successive] petition for postconviction relief is a question of law, which appellate courts review de novo.'" *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24, quoting *State v. Kane*, 2017-Ohio-7838, ¶ 9 (10th Dist.).

{¶ 10} R.C. 2953.21(G), governing amendments to petitions for postconviction relief, provides in pertinent part as follows:

A petitioner who files a petition . . . may amend the petition as follows:

. . .

(2) If division (G)(1) of this section does not apply, at any time before the answer or motion is filed, the petitioner may amend the petition with or without leave or prejudice to the proceedings.[1]

(3) The petitioner may amend the petition with leave of court at any time after the expiration of the applicable period specified in division (G)(1) or (2) of this section.

{¶ 11} Duncan filed her petition on September 27, 2024, and the State filed its brief in opposition on October 15, 2024. The trial court denied Duncan's petition on October 17, 2024, and she filed her motion to amend on October 23, 2024. In

---

[1] Division (G)(1) of R.C. 2953.21 relates to a petition filed by a person who has been sentenced to death.

accordance with R.C. 2953.21(G), Duncan had until October 14, 2024 — the day before the State filed its answer to her petition — to file an amended petition without seeking and being granted leave of court. Because Duncan filed her motion to amend after the State filed its responsive answer, she was required to seek leave of court. *State v. Gray*, 2022-Ohio-1945, ¶ 21. Duncan failed to obtain leave of court.

{¶ 12} Moreover, at the time Duncan filed her motion to amend, the trial court had already denied her petition; the judgment doing so was a final, appealable order. *State v. Carter*, 2018-Ohio-4115, ¶ 14 (8th Dist.), citing R.C. 2953.23(B). Thus, Duncan's motion to amend was akin to a motion for reconsideration. In criminal cases, trial courts lack authority to reconsider their own valid final judgments and the Rules of Civil Procedure do not provide for a motion for reconsideration of a final, appealable order. *See State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338 (1997) (relative to criminal cases), and *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981) (relative to civil cases).

{¶ 13} Thus, Duncan's motion could only be treated as a second postconviction petition. Under R.C. 2953.23, a court cannot consider a second postconviction petition unless division (A)(1) or (A)(2) of the statute applies. R.C. 2953.23(A)(2) governs actual innocence as a result of DNA testing and is wholly inapplicable here. R.C. 2953.23(A)(1) requires the petitioner to show that *both* of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period

prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error *at trial*, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(Emphasis added.)  R.C. 2953.23(A)(1)(a) and (b).

{¶ 14} Thus, for the trial court to consider Duncan's motion as a successive petition, she would have had to show under R.C. 2953.23(A)(1)(b) that, but for a constitutional error *at trial*, no reasonable factfinder would have found her guilty. Duncan's conviction came about from a plea, not a trial; she is therefore unable to demonstrate that R.C. 2953.23(A)(1)(b) applied to her. *See State v. Rackley*, 2015-Ohio-4504, ¶ 17 (8th Dist.); *see also State v. Moore*, 2003-Ohio-4819, ¶ 16 (8th Dist.) ("Appellant pled guilty to drug possession and no trial occurred; therefore, [R.C. 2953.23(A)] does not apply."); *State v. Halliwell*, 134 Ohio App.3d 730, 735 (8th Dist. 1999) (appellant could not satisfy the requirement that "but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted" because he was convicted "pursuant to his plea of guilty, not by reason of trial").

{¶ 15} Because Duncan could not demonstrate that R.C. 2953.23(A)(1)(b) applied, she did not have a ground for the trial court to consider a second petition for postconviction relief.

{¶ 16} Regarding Duncan's request for a hearing, it is well established that a petitioner is not automatically entitled to an evidentiary hearing on a postconviction petition. *State v. Jackson*, 64 Ohio St.2d 107, 110-13 (1980). To warrant an evidentiary hearing, the petitioner bears the initial burden of providing evidence that demonstrates a cognizable claim of constitutional error. *State v. Sidibeh*, 2013-Ohio-2309, ¶ 13 (10th Dist.). The evidence must show that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." *State v. Campbell*, 2003-Ohio-6305, ¶ 15 (10th Dist.), citing R.C. 2953.21(A)(1); *State v. Calhoun*, 86 Ohio St.3d 279, 282-283 (1999). A trial court has a statutorily imposed duty to ensure that the defendant meets this burden. R.C. 2953.21(D); *State v. Cole*, 2 Ohio St.3d 112, 113 (1982). A trial court may deny a defendant's petition for postconviction relief without an evidentiary hearing where the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief. *Calhoun* at paragraph two of the syllabus.

{¶ 17} A trial court may also dismiss a petition for postconviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata. *State v. Szefcyk*, 77 Ohio St.3d 93 (1996),

syllabus. "Res judicata is applicable in all postconviction relief proceedings." *Id.* at 95. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal." *Id.* at syllabus.

{¶ 18} All of the claims Duncan made in her second petition — her alleged misunderstanding of her sentence under the Reagan Tokes law, merger, and the voluntariness of her plea — could have been raised in her direct appeal and therefore were barred under the doctrine of res judicata.

{¶ 19} To the extent that Duncan's petition raised a claim for ineffective assistance of counsel, Duncan had "the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." *Calhoun*, 86 Ohio St.3d at 285. Where the evidentiary document is an affidavit, "a trial court should give due deference to affidavits sworn under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact." *Id.* at paragraph one of the syllabus. Even without a hearing, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record, or to be internally inconsistent, factors which weaken the credibility of the testimony. *Id.* at 285. Such factors "may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility." *Id.* "Generally, self-serving affidavits submitted by a defendant in support of his [or her] claim for

postconviction relief are insufficient to trigger the right to a hearing or to justify granting the petition." *State v. Osborn*, 2019-Ohio-2325, ¶ 25 (8th Dist.).

{¶ 20} The right to counsel extends to plea bargaining. *Lafler v. Cooper*, 566 U.S. 156, 165-67 (2012). In order to prevail on a claim of ineffective assistance of counsel, a defendant must satisfy a two-prong test. First, the defendant must demonstrate that his or her counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This first prong requires the defendant to show that his or her counsel committed errors that were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* If the defendant can demonstrate deficient performance, the defendant must then establish that he or she was prejudiced by the deficient performance. *Strickland* at *id.*

{¶ 21} Duncan mainly relied on codefendant Taylor's sworn statement in support of her ineffective assistance of counsel claim. In his statement, Taylor averred that he told the police he alone was responsible for Simuel's death — Duncan had "no influence" on his actions relative to the same.

{¶ 22} In her motion to amend, Duncan insinuated that she was unaware that she had a right to testify in her own defense. She believed that her own testimony, in combination with her codefendant taking full responsibility at his own aggravated murder trial, would have led to her acquittal. Even giving Duncan the benefit of the doubt, neither her affidavit nor Taylor's sworn statement undermine her culpability. Duncan's complicity in the crime "may be inferred from the

circumstances surrounding the crime, and that may include the offender's presence, companionship, and conduct before and after the crime in committed." *State v. Crosby*, 2018-Ohio-3793, ¶ 12 (8th Dist.).

{¶ 23} The record demonstrates that Duncan and two other females were the ones who got into a dispute at a gas station with Simuel. Duncan had a gun that she pointed at Simuel. The females left the gas station but returned a short time later, this time with codefendant Taylor. Duncan and Taylor both had guns; they approached Simuel, and Taylor shot him. The incident was captured on a surveillance camera, and a recording of it was played for the trial court at sentencing.

{¶ 24} On this record, Duncan failed to demonstrate that the outcome of her proceeding would have been different if not for the ineffectiveness of her counsel. Her second petition for postconviction relief failed on the merits, and her sole assignment of error is without merit.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN T. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR